UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Case No. 2:14-cr-00380-APG-NJK |
| ) | |
| vs. ) | ORDER |
| ) | |
| MICHAEL RODNEY REIGER, ) | (Docket No. 32) |
| ) | |
| Defendant. ) | |

Pending before the Court is Defendant Michael Rodney Reiger's *ex parte* motion for court order to subpoena discovery related to his arrest. Docket No. 32. Defendant asks the Court for a Rule 17(c) subpoena allowing him to obtain certain documents, specifically field interview cards, from the Las Vegas Metropolitan Police Department (LVMPD). *Id*. Defendant submits that he asked the assigned Assistant United States Attorney (AUSA) for the information requested, but that the AUSA informed him that field cards do not exist and that his counsel can subpoena them if she believes they do exist. *Id*. at 4. This order is not issued under seal because Defendant's counsel represents in her *ex parte* application that she requested the discovery at issue from the AUSA, and he represented that all discovery except the requested field interview cards had been produced to Defendant's prior counsel. Docket No. 32 at 3-4; Docket No. 32-1 at 7. After checking into the interview cards, the AUSA informed Defendant's counsel that they do not exist, and that she may subpoena them if she believes differently. Docket No. 32 at 4; Docket No. 32-1 at 6, 10. "Where, as here, defense counsel disclosed to counsel for the government that she wanted the requested materials, good cause does not exist to seal the court's order and decision." *United States v. Treis*, 2012 WL 2375863, *1 (D.Nev. 2012).

Defendant's counsel asks the Court to issue a Rule 17(c) subpoena requiring LVMPD to produce numerous items, but states that she specifically seeks the field interview cards. Docket No. 32 at 5. She states, without elaboration, that the other "discovery" requested is "necessary to attempt to locate" the field interview cards. *Id.*

On December 2, 2014, a federal grand jury sitting in Las Vegas, Nevada issued an indictment charging Defendant with one count of felon in possession of a firearm, in violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2). Docket No. 1. This case is currently set for trial on November 30, 2015. Docket No. 24. Defendant represents that the items listed above are necessary for trial. Docket No. 32 at 1.

## ANALYSIS

### A.   Subpoenas under Fed.R.Crim.P. 17

Fed.R.Crim.P. 17 governs the issuance of subpoenas in criminal proceedings. The process for obtaining subpoenas returnable at trial for those who are unable to pay for them is governed by Rule 17(a). Rule 17(b) describes the procedure for defendants who are unable to pay the requisite witness fees and permits an *ex parte* application by a defendant requesting that the court issue a subpoena.

Rule 17(c) establishes the process by which federal courts can issue subpoenas *duces tecum* for the production of evidence before trial. Rule 17(c)(1) governs the production of documents and objects and provides:

> A subpoena may order the witness to produce any books, papers, documents, data, or other objects the subpoena designates. The court may direct the witness to produce the designated items in court before trial or before they are to be offered in evidence. When the items arrive, the court may permit the parties and their attorneys to inspect all or part of them.

*Id.*

The Court has discretion to direct that a subpoena *duces tecum* be made returnable before trial. Rule 17(c)(1). However, Rule 17 is not a discovery device. *United States v. Nixon,* 418 U.S. 683, 689 (1974), *superseded by statute on other grounds*. *See also United States v. Wheeler*, 2013 WL 5781731, *1 (D.Nev. 2013); *United States v. Fletcher*, 461 F.Supp.2d 1101, 1102 (D. Ariz. 2006) ("[s]ubpoenas issued pursuant to Rule 17(c) are not discovery devices and may not be used to expand the scope of Rule 16."); *United States v. Shinderman*, 232 F.R.D. 147, 150 (D. Me. 2005); *United States v. Carter*, 15 F.R.D.

1  367, 369 (D. D.C. 1954) ("[to construe Rule 17 as a discovery rule would render Rule 16 nugatory and
2  meaningless and would defeat its limitations"). Rule 17(c) may, however, be used to obtain evidentiary
3  materials. *See Nixon*, 418 U.S. at 699-700; *Bowman Diary Co. v. United States*, 341 U.S. 214, 219-20
4  (1951).

5        The purpose of Rule 17(c)(1) is to permit the issuance of subpoenas only to compel the production
6  of certain designated items listed in the rule for hearings conducted by the court and trial. *See United*
7  *States v. LaFuente*, 54 F.3d 457 (8th Cir. 1995) (prosecutor improperly secured attendance of witness at
8  pretrial interview by subpoena). Leave of court is required for a pretrial subpoena *duces tecum*, and the
9  court has discretion to require production of documents by subpoena *duces tecum* prior to trial. *Wheeler*,
10 2013 WL 5781731 at *2. The Supreme Court has stated:

> Enforcement of a pretrial subpoena *duces tecum* must necessarily be committed to the sound discretion of the trial court since the necessity for the subpoena most often turns upon a determination of factual issues. Without a determination of arbitrariness or that the trial court finding was without record support, an appellate court will not ordinarily disturb a finding that the applicant for a subpoena complied with Rule 17(c).

15 *Nixon*, 418 U.S. at 702.

16     **B.**     **Standard for Pretrial Production**

17       In *Nixon,* the Supreme Court held that the party seeking pretrial production bears the burden of
18 establishing relevancy, admissibility, and specificity. 418 U.S. at 700. The burden is on the party seeking
19 the subpoena "to show the evidentiary nature of the requested materials with appropriate specificity."
20 *United States v. Skeddle*, 178 F.R.D. 167, 168 (N.D. Ohio 1996). Conclusory allegations of relevance and
21 admissibility are insufficient to meet the moving party's burden. *United States v. Eden*, 659 F.2d 1376,
22 1381 (9th Cir. 1981), *cert. denied*, 455 U.S. 949 (1982); *United States v. Jackson*, 155 F.R.D. 664, 667
23 (D. Kan. 1994). It is not enough that the documents requested in a Rule 17(c) subpoena *duces tecum* may
24 have some potential of relevance and evidentiary use. *United States v. Burger*, 773 F.Supp. 1419, 1425
25 (D. Kan. 1991). Rather, there must be a sufficient likelihood that the requested material is relevant to the
26 offenses charged in the indictment, and the moving party must make a sufficient preliminary showing that
27 the requested material contains admissible evidence regarding the offenses charged. *Nixon*, 418 U.S. at
28 700. The specificity requirement "ensures that the subpoenas are used only to secure for trial certain

documents or sharply defined groups of documents." *Jackson*, 155 F.R.D. at 667 *(citing United States v. Crosland*, 821 F.Supp. 1123, 1129 (E.D. Va. 1993)). The specificity requirement also prevents a subpoena *duces tecum* issued pursuant to Rule 17(c) from being used as a "fishing expedition to see what may turn up." *Bowman Dairy Co.*, 341 U.S. at 221. Or, as the court noted in *United States v. Noriega*, 764 F.Supp. 1480, 1493 (S.D. Fla. 1991), "[i]f the moving party cannot reasonably specify the information contained or believed to be contained in the documents sought but merely hopes that something useful will turn up, this is a sure sign that the subpoena is being misused."

In *United States v. Iozia*, 13 F.R.D. 335, 338 (D.C.N.Y. 1952), the court formulated a standard for establishing good cause for production prior to trial requiring a showing:

> (1) That the documents are evidentiary and relevant;
>
> (2) That they are not otherwise procurable by the defendant reasonably in advance of trial by exercise of due diligence;
>
> (3) That the defendant cannot properly prepare for trial without such production and inspection in advance of trial and the failure to obtain such inspection may tend unreasonably to delay the trial;
>
> (4) That the application is made in good faith and is not intended as a general fishing expedition.

Other federal courts have generally followed the *Iozia* test for establishing good cause for pretrial production. *See, e.g.*, *Nixon*, 418 U.S. at 699; *Treis*, 2012 WL 2375863 at *3.

**C.**     ***Ex Parte* Application for Pretrial Production**

Rule 17(b) allows an *ex parte* application by a defendant unable to pay for an order compelling a witness to appear. Rule 17(c), however, does not contain any language allowing an *ex parte* application for pretrial production by a defendant without financial means. Courts are split as to whether a party may make an *ex parte* application for a pretrial subpoena *duces tecum*, and the Ninth Circuit has not ruled upon the issue. *Treis*, 2012 WL 2375863 at *5. As the court observed in *United States v. Reyes*, 162 F.R.D. 468, 470 (S.D.N.Y. 1995), however:

> There are strong policy reasons in favor of an *ex parte* procedure. If a source of evidence were to be identified before the issuance of a subpoena, the source or the integrity of the evidence might be imperiled. In addition, a party may have to detail its trial strategy or witness list in order to convince a court that the subpoena satisfies the *Nixon* standards of specificity, relevance, and admissibility. If a full adversary hearing was required to obtain a subpoena *duces tecum*, a party would be forced to

> reveal this information to the opposing side, a result which would occur even if a court declined to issue the subpoena. In this vein, the Court is mindful that it is often defendants who seek a subpoena *duces tecum* on an *ex parte* basis in order to avoid disclosing their trial strategy to the Government.

The Court finds that an indigent defendant should be permitted to make an *ex parte* application for pretrial production of documents under limited circumstances, including where the reason why the documents are needed would compromise defense counsel's trial strategy. Here, though the United States is aware of Defendant's discovery requests, his application for a Rule 17(c) subpoena contains some information regarding trial strategy, which the Court will not discuss in this order. As a result, the Court finds that Defendant's request was properly filed *ex parte* and shall remain so. It does not follow, however, that Defendant is therefore entitled to strategic advantage or tactical surprise. Rule 17(c)(1) plainly provides that "[t]he court may direct the witness to produce the designated items in court before trial or before they are to be offered in evidence" and "may permit the parties and their attorneys to inspect all or part of them." *Id*.

The Court finds that Defendant has satisfied his burden of showing that he is entitled to the field interview cards, to the extent they exist, prior to trial. If they exist, they are evidentiary and relevant, they are not otherwise procurable by Defendant despite exercise of due diligence, Defendant cannot properly prepare for trial without production and inspection of the cards if they exist, and Defendant's application for the cards is made in good faith and is not intended as a fishing expedition. *See Iozia*, 13 F.R.D. at 335. Much of the other information sought by Defendant appears to have been produced in discovery. *See* Docket No. 32-1 at 7. In any event, it is clear that Defendant requests those items for discovery purposes, and Rule 17 is not a discovery device. *See, e.g., Bowman Dairy Co*., 341 U.S. at 220; Treis, 2012 WL 2375863 at *6.

Defendant asks the Court to issue a subpoena requiring the production of the requested items to his counsel's office. Rule 17(c)(1), however, does not authorize issuance of a subpoena *duces tecum* requiring pretrial production of documents to counsel's office. The court will instead authorize issuance of a subpoena to the Custodian of Records of LVMPD to produce the field interview cards related to the instant case, if they exist, to the Clerk of the Court, no later than November 16, 2015. Upon receipt of the field interview cards, if they exist, the Clerk shall make the documents available for inspection and

copying to counsel for Defendant and the government prior to trial.

**IT IS ORDERED** that:

1. Defendant's Motion for Subpoena (Docket No. 32) is GRANTED to the limited extent that the Court will authorize issuance of a subpoena to the Custodian of Records of LVMPD for any and all field interview cards related to the instant case to be delivered to the Clerk of Court no later than November 16, 2015. The Motion is DENIED in all other respects.

2. Counsel for Defendant shall forthwith serve the Custodian of records of LVMPD with a subpoena *duces tecum* and a copy of this Order, directing the custodian to produce and forward any and all field interview cards related to this case, along with a copy of this Order, no later than November 16, 2015 to:

> Clerk of Court
> United States District Court for the District of Nevada
> 333 Las Vegas Blvd., South
> Las Vegas, NV 89101.

3. Upon receipt of the field interview cards, the Clerk of Court shall notify counsel for both parties that they are available for inspection and copying.

4. Defendant's motion and attachments (Docket Nos. 32, 32-1) shall remain under seal.

5. The cost of process, fees, and expenses for the custodian of records and/or documents shall be paid as if subpoenaed on behalf of the government, the Court being satisfied that Defendant is financially unable to pay the fees and expenses, and the presence of the witness and/or documents is necessary to an adequate defense.

IT IS SO ORDERED.

DATED: November 6, 2015.

NANCY J. KOPPE
United States Magistrate Judge